UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARGO LOGISTICS, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN TRANSPORT CONCEPTS, INC., a Nebraska Corporation,<br><br>Defendant. | CASE NO. C10-1913 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Motion to Dismiss (Dkt. #8) brought by Defendant North American Transport Concepts, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. Defendant contends its commercial relationship with Plaintiff Cargo Logistics, LLC ("Plaintiff") is governed by a written Agency Agreement ("Agreement") containing a mandatory forum selection clause, which sets venue in Tarrant County, Texas.

Plaintiff argues that the Agreement, and specifically the forum selection clause, was never adopted by the parties, and therefore the forum selection clause cannot be enforced.

## II. BACKGROUND

The underlying dispute in this action arises from a breach of contract claim. Over ten years ago, a written document, referred to here as the Agreement, was created by the former owners of the two entities who are now party to this action. According to Plaintiff, the former owners ultimately did not adopt the written Agreement. Rather, the former owners reached an oral agreement under which the commercial relationship between the two enterprises would be governed. Defendant counters that the commercial relationship between the parties has always been governed by the terms of the Agreement. The Agreement itself is unsigned. However, Plaintiff's own Complaint, as well as written communication by Plaintiff, treat the Agreement as controlling of the commercial relationship between the parties.

## III. DISCUSSION

Defendant moves to dismiss this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), arguing that venue in the Western District of Washington is improper due to the existence of a mandatory forum selection clause. *Agueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Under Rule 12(b)(3), the Court may consider facts outside the pleadings and the Court need not accept the pleadings as true. *Id.* at 324, *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2003). Forum selection clauses are prima facie valid, and a court determining whether a forum selection clause is enforceable should only set aside the forum selection clause if the party challenging it can show that it is unreasonable. *Agueta*, 87 F.3d at 324.

However, the issue before this Court is not whether the forum selection clause is reasonable, but rather whether the parties entered into a contract that included a forum selection clause. Federal law governs the interpretation and enforcement of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 513 (9th Cir.1988). State law, however, governs contract formation and the terms contained therein. *Lowden v. T-Mobile USA, Inc.,* 512 F.3d 1213, 1217 (9th Cir.2008). Plaintiff contends that Defendant cannot enforce the forum selection clause because Plaintiff never assented to the terms of the contract.

Indeed, "[f]or a contract to exist there must be mutual assent to its essential terms." *Jacob's Meadow Owners Ass'n v. Plateau 44 IL, LLC*, 139 Wn.App. 743, 765 (2007). In Washington, "[a] contract may be oral as well as written, and a contract may be 'implied in fact with its existence depending on some act or conduct of the party sought to be charged.' A trial court may deduce mutual assent from the circumstances, whereby the court infers a contract based on a course of dealings between the parties or a common understanding within a particular commercial setting." *Hoglund v. Meeks*, 139 Wn.App. 854, 870-71 (2007) (citations omitted); See also *Jacob's Meadow Owners Ass'n*, 139 Wn.App. at 765 ("The existence of mutual assent may be deduced from the circumstances, including the ordinary course of dealing between the parties.") (citations omitted).

Plaintiff argues that the forum selection clause is unenforceable because the element of mutual assent is missing, and as such the parties never created a valid contract. In fact, the Agreement in question is unsigned. Dkt. #9, Ex. A. Moreover, the prior owners of the two companies involved in this lawsuit have both stated that the Agreement was not intended to govern the relationship between the two parties, and that they instead came to an oral agreement.

1  Dkts. #11, 12.  Plaintiff thus contends that the parties never intended to be bound by the

2  Agreement, and as such cannot be bound by its terms.

3  However, irrespective of the former owners' intent at the time the Agreement was

4  written, the inquiry into whether the Court may infer a contract is necessarily predicated on the

5  parties' course of dealings and common understandings which may have arisen, in this case,

6  subsequent to the time of the writing in question.  *See Hoglund*, 139 Wn.App. at 871.  As

7  discussed *supra*, mutual assent can arise from a common understanding demonstrated by the

8  parties.  *Id*.  In the case before the Court, there is sufficient reason to conclude that a common

9  understanding existed between Plaintiff and Defendant.  Plaintiff's own Complaint references the

10  Agreement as support for its breach of contract claim, and states that "Plaintiff and Defendant

11  were parties to an 'Agency Agreement.'  The terms of the Agency Agreement were negotiated

12  between the Defendant and [Plaintiff]."  Dkt. #7, p.3.  Moreover, Plaintiff referenced the

13  Agreement in regular business communications.  Dkt. #9, Ex. B.  As such, there is sufficient

14  evidence for the Court to conclude that a common understanding existed, in which the parties'

15  treated the Agreement as a contract to which they were bound.  This common understanding

16  squarely demonstrates mutual assent, and the Court will therefore infer that a contract exists

17  between Plaintiff and Defendant.  Accordingly, the forum selection clause will be enforced, and

18  the action will be dismissed from this venue.

19  ## IV. CONCLUSION

20  Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

21  and the remainder of the record, the Court hereby finds and ORDERS:

22  (1) Defendant's Motion to Dismiss (Dkt. #8) is GRANTED.

23

24

1     (2) This action is DISMISSED without prejudice. The Clerk is directed to close this

2         case.

3     Dated May 23, 2011.

 

                                     /s/ Ricardo S. Martinez
                                     RICARDO S. MARTINEZ
                                     UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5